PADUCAH BURLEY FLOORS, INC., Appellant,

v.

PEOPLES FIRST NATIONAL BANK & TRUST COMPANY OF PADUCAH, Appellee.

No. 87–CA–1535–MR.

Court of Appeals of Kentucky.

April 1, 1988.

Rehearing Denied May 27, 1988.

Discretionary Review Denied by Supreme Court Sept. 28, 1988.

---

William E. Scent, Scent & Scent, PSC, Paducah, for appellant.

Mark C. Whitlow, Whitlow, Roberts, Houston & Russell, Paducah, for appellee.

Before HAYES, LESTER and McDONALD, JJ.

McDONALD, Judge:

This is an appeal from a summary judgment entered on June 17, 1987, which awarded the appellee bank the sum of $14,993.32 in damages.

The factual background is as follows: On March 22, 1984, Jesse Hargrove, Sr., executed a promissory note in the amount of $45,055 payable to Peoples First National Bank & Trust Company of Paducah, Kentucky (Peoples Bank). At the same time, Jesse Hargrove, Sr., and his wife, executed a security agreement which granted to Peoples Bank a lien in several thousand pounds of tobacco being grown by Jesse Hargrove on his own farm as well as other farms throughout Ballard County, Kentucky. A financial statement was filed in the office of the Ballard County Court Clerk's office on March 27, 1984.

The estimated total crop secured by the Peoples Bank lien was approximately 61,066 pounds of burley tobacco, the collateral value being far greater than the $45,055 owed to Peoples Bank.

A letter dated November 2, 1984, was mailed by Peoples Bank to Paducah Burley Floors, Inc. (Paducah Burley), a tobacco warehouse, by first class mail. It stated as follows:

November 2, 1984

Gentlemen:

We have recorded tobacco mortgages on the crops grown by the following persons:

Jesse Hargrove     Route 2     Wickliffe, Ky.

Zane Atkinson     Route 7     Paducah, Ky.

Johnny Hargrove     Route 2     Wickliffe, Ky.

Should you receive tobacco from these customers, we request that all proceeds be made payable to the customer and Peoples First National Bank & Trust Company.

Very truly yours,

[Signature]
Aubrey W. Lippert
President

Mrs. Gracie Dowell, the office manager and bookkeeper for Paducah Burley, testified by deposition that she was aware of the lien to Peoples Bank on Jesse Hargrove's tobacco and that the lien was noted on Mr. Hargrove's tobacco card held by the warehouse. Further, the warehouse admits in its answer that it had indeed received the Peoples Bank's letter.

Paducah Burley asks that the trial court's summary judgment be reversed on three grounds. First, it is argued that the description of the property in the letter was insufficient to place the warehouse on notice of the prior lien on the tobacco. Secondly, the bank's failure to comply with KRS 355.9–307(2) by not mailing the notice "by certified mail, return receipt requested" should prevent the bank from protection under that statute. Lastly, the existence of genuine issues of material fact preclude the trial court from granting summary judgment.

■ We agree with the reasoning of the trial court's summary judgment, that the warehouse may not be protected under KRS 355.9–307(2) when it admits actual receipt of notice, albeit through regular mail service. The requirement of certified mail is intended to protect the warehouse when notice is in dispute.

■ Concerning the description of the property required by KRS 355.9–307(2), the warehouse acknowledges receipt of the letter indicating that *all* of Mr. Hargrove's tobacco was covered by the bank's lien. The lien encompassed each and every tract of land from which Mr. Hargrove was entitled to receive proceeds of the sale of tobacco. The warehouse was not free to select from among the several tracts under Mr. Hargrove's control. Had the letter not specifically requested that *all* proceeds be made payable to both the customer/grower as well as Peoples Bank, the warehouse may be justified in its argument of lack of proper description. Certainly, nothing in the statutes indicates that notice of the lien contain a detailed legal description of the property as may be required in either a financing statement or security agreement. The statutory use of the phrase "proper description" is something less than a legal description but it has no fixed meaning as a term of art. At least the description should identify the property and associate it with an owner/customer/grower. Herein, the statute was barely complied with in this regard.

Lastly, Paducah Burley contends that the existence of issues of fact should have precluded the granting of summary judgment, pointing to the issues of timing and amount of damages.

The issue of timing is normally of crucial importance in cases involving priority over collateral of perfected security interests. However, in the instant case, it appears that sufficient proceeds were wrongfully paid out subsequent to the warehouse receiving notice to meet the damages sought in the complaint. Accordingly, we are not required to address those payments made prior to the November 2nd notice.

■ However, we do interpret KRS 355.9–307(2) as requiring that notice be given to the warehouse prior to the payment of the *proceeds* of sale to the owner or producer of a tobacco crop, subject to the lien

of a security interest. As proceeds are defined in KRS 355.9–306(1), it is unlikely that the "advances" paid to Mr. Hargrove before the actual sale of his tobacco could ever be considered proceeds. Accordingly, KRS 355.9–307(2) requires only that notice be given prior to the payment of *proceeds* as they are defined, and not before any "advances" are made.

The issue of damages is a bit more troubling. The record is not clear as to whether Peoples Bank is in fact entitled to $14,993.32 as awarded by the trial court. Paducah Burley argues that no bank records were introduced to establish the correct measure of damages, despite the fact that the issue was raised in the pleadings. We agree that Paducah Burley is entitled to be shown by proof the amount of damage suffered by Peoples Bank. *Paintsville Hosp. Co. v. Rose*, Ky., 683 S.W.2d 255 (1985).

Accordingly, the summary judgment was proper with respect to all issues except damages. The case is remanded to the trial court with directions to determine the correct and proper damages to which Peoples Bank is lawfully entitled.

All concur.